[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17235
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00224-CV-RWS-2

JUDITH HURT-WHITMIRE,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
RABURN COUNTY SUPERIOR COURT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 7, 2009)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Pro se plaintiff-appellant Judith Hurt-Whitmire was employed as a tax

preparer with The Tax Experts, Inc. and was responsible for preparation of tax returns for individuals and businesses.  Facing state court charges for forgery and theft by deception in connection with filing federal income tax returns, Hurt-Whitmire sought to remove her case to federal court under 28 U.S.C. §§ 1442 and 1443(1).  The district court remanded the case to the state court, concluding that Hurt-Whitmire failed to satisfy the removal requirements.

We review de novo a district court's removal jurisdiction.  Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 (11th Cir. 2001).  If, after examining a defendant's notice of removal, the district court finds that removal is not permitted, the district court shall summarily remand.  28 U.S.C. § 1446(c)(4).

On appeal, Hurt-Whitmire argues that removal was proper under § 1442 because she was a federal agent of the IRS, and under § 1443 because the state court would deny her equal protection, due process, and civil rights under 42 U.S.C. § 1983, 1985, and 1986.  We address each basis in turn.

A.    Removal under § 1442

A defendant may remove her state criminal prosecution to federal court if the defendant is:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority

2

claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). An individual or private company's "compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson v. Philip Morris Co., Inc., 551 U.S. 142, __, 127 S.Ct. 2301, 2308, 168 L.Ed.2d 42 (2007).

Here, Hurt-Whitmire was not a federal officer of the IRS or a person acting under an IRS officer. Instead, a private firm employed her as a tax preparer and as a result of her occupation, Hurt-Whitmire was regulated by the IRS. This does not form the basis for removal under § 1442.

B.  Removal under § 1443

A defendant may remove a criminal prosecution initiated in state court if the case is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The defendant must meet a two-pronged test in order to qualify for § 1443(1) removal: "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated

3

in terms of racial equality.'  Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts."  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790-91, 16 L.Ed.2d 925 (1966)).  As to the first prong, broad assertions under the Equal Protection Clause or 42 U.S.C. § 1983 are insufficient to support a valid claim of removal because racial equality rights do not include rights of general application.  Id. at 1295-96.

In this case, Hurt-Whitmire's broad assertions that her equal protection, due process, and § 1983 rights were violated do not support a claim for removal. Conley, 245 F.3d at 1295-96.  Additionally, her allegations of civil rights violations under §§ 1985 and 1986 do not support a claim for removal because Hurt-Whitmire is not a federal officer.  See 42 U.S.C. § 1985(1) (conspiring to prevent federal officers from performing their duties); 42 U.S.C. § 1986 (requiring a 42 U.S.C. § 1985 violation).  Therefore, the district court did not err by remanding Hurt-Whitmire's case for lack of removal jurisdiction under § 1443(1).

Because neither § 1442 nor § 1443 provided a basis for removal jurisdiction, we affirm.[1]

**AFFIRMED.**

---

[1] Because we conclude the district court properly remanded the case, we deny the motion for writ of habeas corpus as moot.

4